**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK**

---------------------------------X

**KRISTINA SARHADI**,

                Plaintiff,

         v.

**JUSTIN CATHAL GEEVER a/k/a JUSTIN SANE**, **HARDWORK DISTRIBUTION, INC.**, and **DOE 1**,

                Defendants.

---------------------------------X

Civil Action No. 1:24-CV-0031 (GLS/CFH)

## **DEFENDANT HARDWORK DISTRIBUTION, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Hardwork Distribution Inc. ("Hardwork"), hereby removes this action from the Supreme Court of the State of New York, County of Ulster, to the United States District Court for the Northern District of New York. In support of this Notice of Removal, Hardwork avers as follows:

### I.    REMOVAL IS TIMELY AND PROPER.

1. On November 22, 2023, Plaintiff Kristina Sarhadi ("Plaintiff") filed a complaint in the Supreme Court of the State of New York, County of Ulster. A copy of the Complaint and the Summons is attached as **Exhibit A** of this Notice of Removal.

2. The Complaint asserts claims of assault, battery/sexual battery, and intentional infliction of emotional distress against Defendant Justin Cathal Geever ("Geever"). In addition, the Complaint asserts claims of negligence and negligent infliction of emotional distress by Hardwork and Doe 1.

3. The Complaint further asserts the aforementioned claims under New York's Adult Survivors Act ("ASA").

4. Upon information and belief, proper service of process has not been effectuated on any Defendants. Accordingly, this Notice of Removal is timely because it is filed prior to Defendant Hardwork receiving proper service of process. *See* 28 U.S.C. § 1446(b).

5. Furthermore, Hardwork does not need the consent of unserved Defendants, Geever and Doe 1, to remove the instant action.

6. Under the rule of unanimity, "usually all defendants must consent to removal." *Alexander v. Cnty. of Onondaga*, 2009 WL 1322311 at *3 (N.D.N.Y. May 12, 2009). However, an exception exists where a removing defendant does not need the consent of other defendants if "the nonjoining parties have not been served with service of process at the time the removal petition is filed." *Id.*

7. Likewise, the "consent of a fictitious 'John Doe' defendant is not required for removal." *See* 28 U.S.C. § 1446(a); *see also Penrose v. Trojan Mfg. Co.*, 2008 WL 1766618 at *3, n4 (W.D.N.Y. Apr. 14, 2008).

8. Accordingly, Hardwork may remove the instant action without the consent of Geever and Doe 1 because neither Geever nor Doe 1 have received proper service of process.

**II. VENUE IS PROPER AND DIVERSITY JURISDICTION EXISTS.**

9. As discussed below, this Court has diversity of citizenship jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and Defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

10. Venue is proper in the United States District Court for the Northern District of New York under 28 U.S.C. § 1441(a) because the Supreme Court of the State of New York, County of Ulster, where the case is pending, is located within this District.

11. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and filed with the Court of Administrator for the Supreme Court of the State of New York, County of Ulster, following the filing of this Notice, together with a Notice of Filing of Notice of Removal.

### III. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

12. Under 28 U.S.C. § 1332, this Court shall have original jurisdiction over all civil actions between citizens of different states, in which the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *see also Dunn v. Dubiel*, 2023 WL 4079583 at *2 (N.D.N.Y. June 20, 2023).

Diversity jurisdiction requires complete diversity, which requires that "each defendant is a citizen of a different State from each plaintiff." *Hamza v. Sollenberger*, 2023 WL 8108606 at *3 (N.D.N.Y. Nov. 21, 2023) (emphasis in original). In other words, the requirement of complete diversity is satisfied where "there is no plaintiff and no defendant who are citizens of the same State." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (citation omitted).

13. For purposes of diversity jurisdiction, a corporation is deemed a citizen of the States in which it is incorporated and where it has its principal place of business, which is defined as its "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

14. Defendant Hardwork is a domestic business corporation incorporated in the Commonwealth of Pennsylvania with its headquarter and principal place of business in Pittsburgh, Pennsylvania. Therefore, Hardwork is a citizen of Pennsylvania.

15. "A party's citizenship depends on his [or her] domicile." *Hamza v. Sollenberger*, 2023 WL 8108606 at *3 (N.D.N.Y. Nov. 21, 2023). Furthermore, domicile for purposes of complete diversity "is

determined as of the date of the complaint is filed." *Id.* (citing *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001)).

16. Plaintiff is currently residing in Ulster County, New York. *See* Exhibit A ¶¶ 13 & 15. Accordingly, Plaintiff is a citizen of New York.

17. On information and belief, Defendant Geever is a citizen of Pennsylvania with a domicile in Allegheny County. Accordingly, Defendant Geever is a citizen of Pennsylvania.

18. Under 28 U.S.C. § 1441, "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

19. Accordingly, there is complete diversity between the Plaintiffs and the Defendants in this action, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**IV. THE AMOUNT IN CONTROVERSY AS PLEAD EXCEEDS $75,000.**

20. "'Removal is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Further, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89; *Miller v. Syracuse Univ.*, 2023 WL 2572937 at *13 (N.D.N.Y. Mar. 20, 2023).

21. Plaintiff seeks general, special, statutory, and punitive damages along with attorney's fees, costs, and expenses incurred in the litigation. *See* Exhibit A p. 16–17.

22. Here, Plaintiff's Complaint in the State Court Action does not specify the precise amount of damages sought. *See generally* Exhibit A. However, removal is still permissible because the allegations contained within the Complaint suggest the amount in controversy plausibly exceeds $75,000.

23. In her Complaint, Plaintiff alleges that she "suffered [and] continues to suffer, and will suffer in the future, psychological injuries, including but not limited to, low self-esteem, anxiety, panic attacks, post-traumatic stress disorder, eating disorders, stress, insomnia, nightmares, depression, suicidality, shame, disassociation, intimacy issues, fear, and trust issues." *See* Exhibit A ¶ 62.

24. Plaintiff goes on to allege that she "has been diagnosed with and treated for, inter alia, C-PTSD, clinical depression, ADHD resulting from trauma, emotional hyperarousal, and rejection sensitivity dysphoria." *Id.*

25. In this Circuit, courts "'vary widely in the amount of damages awarded for mental anguish,' but have upheld emotional distress 'awards of more than $100,000 without discussion of protracted suffering, truly egregious conduct, or medical treatment.'" *Patterson v. Balsamico*, 440 F.3d 104, 120 (2d Cir. 2006); *contra Ferguson v. Lander Co.*, 2008 WL 921032 at *23 (N.D.N.Y. Apr. 2, 2008) ("[C]ompensatory damage awards in such garden variety cases, while varied, historically have been less than $100,000.").

26. Accordingly, although Hardwork denies any liability and that Plaintiff is owed any damages, based on the allegations contained in the Complaint, it is clear that the amount in controversy as plead exceeds the jurisdictional threshold of $75,000 under 28 U.S.C. § 1332(a).

**WHEREFORE**, Hardwork removes the above-captioned action from the Supreme Court of the State of New York, County of Ulster, to the United States District Court for the Northern District of New York.

Dated: New York, New York
January 9, 2024

Respectfully submitted,

_____
Stuart P. Slotnick
Buchanan Ingersoll & Rooney PC
stuart.slotnick@bipc.com
40 Fifth Avenue, 9th Floor
New York, NY 10019
Tel.: (212) 440-4400
Fax: (212) 440-4401
*Counsel for* Defendant Hardwork Distribution, Inc.
