## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KRISTINA SARHADI,** | |
| Plaintiff, | Civil Action No. 1:24-cv-00031(BKS/CFH) |
| - against - | |
| **JUSTIN CATHAL GEEVER a/k/a JUSTIN SANE**, and **HARDWORK DISTRIBUTION, INC.**, and **DOE 1** | |
| Defendants | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND PURSUANT TO FED. R. CIV. P. 15**

**McALLISTER OLIVARIUS**
John F.O. McAllister
641 Lexington Avenue
13th Floor
New York, NY 10022
Telephone: (212) 433-3456
jmcallister@mcolaw.com

*Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.....................................................................................III

BACKGROUND ...............................................................................................1

PROCEDURAL HISTORY ................................................................................1

ARGUMENT ....................................................................................................3

    I.    Legal Standard .......................................................................................3

    II.   Plaintiff's Amendment Furthers the Interest of Justice......................4

    III.  Plaintiff's Amendment Will Not Unduly Prejudice Hardwork........................5

    IV.  Plaintiff's Amendment is Not Unduly Delayed or in Bad Faith ........................6

    V.   Plaintiff's Proposed Amendment is Not Futile ....................................7

        a.   Plaintiff's Proposed Amendments.................................................7

        b.   Plaintiff's SAC Sufficiently Alleges Negligence...........................8

        c.   Plaintiff's SAC Sufficiently Alleges Negligent Supervision and Retention..*9*

CONCLUSION...........................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*"John Doe 1" v. Bd. of Educ. of Greenport Union Free Sch. Dist.*, 100 A.D.3d 703 (App. Div. 2nd Dept. 2012) ................................................................................................14

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699 (2d Cir. 2010) .........6

*Assam v. Deer Park Spring Water*, 163 F.R.D. 400 (E.D.N.Y. 1995) .......................................7

*Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1993) ...................................................4, 6

*Catapano v. Western Airlines, Inc.*, 105 F.R.D. 621 (E.D.N.Y. 1985) ......................................8

*Doe v. Congregation of the Mission of St. Vincent De Paul in Germantown*, 2016 NY Slip Op 32061(U) (Sup. Ct. September 13, 2017) ....................................................................13, 14

*FC Online Mktg. v. Burke's Martial Arts, LLC*, No. 14-CV-3685 (SJF)(SIL), 2016 U.S. Dist. LEXIS 137940 (E.D.N.Y. Sep. 30, 2016) ...............................................................................9

*Foman v. Davis*, 371 U.S. 178 (1962) .......................................................................................4

*Golden Trade, S.r.L. v. Jordache*, 143 F.R.D. 504 (S.D.N.Y.1992) ..........................................4

*Gonzalez v. City of the N.Y.*, 133 A.D.3d 65 (App. Div. 1st Dept. 2015) ................................13

*Johansmeyer v. N.Y.C. Dep't of Educ.*, 165 A.D.3d 634 (App. Div. 2nd Dept. 2018) .......13, 14

*Kenneth R. v. Roman Catholic Diocese of Brooklyn*, 229 A.D.2d 159 (App. Div. 2nd Dept. 1997) ....................................................................................................................................13

*Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209 (2d Cir. 2002) ..................................11

*LoPorto v. Cty. of Rensselaer*, No. 1:15-CV-0866 (LEK/DJS), 2018 U.S. Dist. LEXIS 162432 (N.D.N.Y. Sep. 24, 2018) ......................................................................................................3

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015) ......3, 6

*McGrier v. Capitol Cardiology*, No. 1:20-CV-1044 (LEK/DJS), 2021 U.S. Dist. LEXIS 150605 (N.D.N.Y. Aug. 11, 2021) ......................................................................................................5

*Panther Partners Inc. v. Ikanos Communs., Inc.*, 681 F.3d 114 (2d Cir. 2012) ..................9, 10

*Pasternack v. Shrader*, 853 F.3d 162 (2d Cir. 2017)....................................................................7

*Pecou v. Bessemer Tr. Co.*, No. 1:22-cv-01019-MKV, 2022 U.S. Dist. LEXIS 152259 (S.D.N.Y.
  Aug. 24, 2022) .................................................................................................................5

*Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 453 F. Supp.2d 633 (S.D.N.Y. 2006),
  aff'd 582 F.3d 244 (2d Cir. 2009) ....................................................................................8

*Pulka v. Edelman*, 40 N.Y.2d 781 (1976).............................................................................11

*R.M. v. Rockefeller Univ.*, 2023 NY Slip Op 30192(U) (Sup. Ct., January 11, 2023).......12, 14

*Rachman v Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995) ............................7, 8

*Richardson Greenshields Secur., Inc. v. Mui-Hin Lau*, 825 F.2d 647 (2d Cir. 1987)................8

*Roe v. Domestic & Foreign Missionary Soc'y of the Prot. Episcopal Church*, 198 A.D.3d 698
  (App. Div. 2nd Dept. 2021) ............................................................................................14

*Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008)......................................................8

*S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Building 1 Hous. Dev. Fund Co.*, 608 F.2d 28 (2d
  Cir. 1979) .........................................................................................................................4

*Smith v. Hochul*, No. 5:21-CV-0035 (LEK/ATB), 2023 U.S. Dist. LEXIS 48137, (N.D.N.Y.
  Mar. 22, 2023)...................................................................................................................6

*State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843 (2d Cir. 1981) .......................................6

*Twahir v. Vill. Care of N.Y., Inc.*, 2011 U.S. Dist. LEXIS 74755 (S.D.N.Y. July 11, 2011) ......4

*United States ex rel. Hayes v. Allstate Ins. Co.*, 686 Fed. Appx. 23, 28 (2d Cir. 2017)............9

*Waterbury v. New York City Ballet, Inc.*, *Waterbury v. N.Y.C. Ballet, Inc.*, 205 A.D.3d 154 (App.
  Div. 1st Dept. 2022) ...................................................................................................12, 13

*Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011)..............................................6

*Williams v. Citigroup, Inc.*, 659 F.3d 208 (2d Cir. 2011) .........................................................3

*Wilson v. Fabric Cellar, Inc.*, No. 20-CV-244S, 2021 U.S. Dist. LEXIS 130536 (W.D.N.Y. July
  13, 2021) .......................................................................................................................4, 5

**Statutes**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 3, 9, 10

Fed. R. Civ. P. 15(a)(2) ........................................................................................................ 1, 3

**BACKGROUND**

Plaintiff brings the instant action pursuant to the New York Adult Survivors Act and New York Civil Practice and Law Rules Sec. 214-j.  On October 1, 2010, Plaintiff was sexually assaulted by Defendant Justin Cathal Geever a/k/a Justin Sane ("Geever").  At all times relevant and material hereto, Geever was the lead singer and songwriting for the band Anti-Flag and an employee, agent, representative, and/or executive of Defendant Hardwork Distributions, Inc. ("Hardwork").

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff submits this memorandum of law in support of her motion for leave to file a second amended complaint ("SAC") in this matter. Plaintiff seeks leave to file the SAC in response to arguments Hardwork has set forth in its motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff's proposed SAC, in both redline and clean formats, are attached to Plaintiff's cross-motion as Exhibits A and B, respectively.  Plaintiff's proposed SAC supplements the factual allegations contained in Plaintiff's Complaint and First Amended Complaint ("FAC") and directly addresses the arguments presented in Hardwork's motion to dismiss.  Plaintiff respectfully requests that this Honorable Court grant this motion in all respects, deny Hardwork's motion to dismiss as moot, and provide any additional relief deemed just and proper.

**PROCEDURAL HISTORY**

1.      On November 22, 2023, Plaintiff initiated this action against Defendants in the Supreme Court of the State of New York, County of Ulster.  (ECF No. 2).

2.      On January 9, 2024, Hardwork removed this action to the United States District Court for the Northern District of New York.  (ECF No. 1).

3.      On February 21, 2024, Plaintiff filed a stipulated motion seeking to extend the deadline to file an amended complaint and set out dates for motion practice.  The motion requested that (1) Plaintiff have until March 15, 2024 to file her amended complaint; (2)

Hardwork have until April 20, 2024 to file a pleading or motion in response to Plaintiff's FAC; (3) Plaintiff have until May 20, 2024 to respond to Hardwork's motion to dismiss; and (4) Hardwork have until June 3, 2024 to file its reply.  (ECF No. 19).

4.     The Court granted the stipulated motion extending deadlines on March 5, 2024. (ECF No. 23).

5.     On March 14, 2024, Plaintiff filed her FAC.  (ECF No. 25).

6.     On April 22, 2024, two days after the deadline imposed by the Court on March 5, 2024, Hardwork filed its motion to dismiss Plaintiff's FAC for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 28).

7.     Plaintiff seeks leave to file her proposed SAC to address the arguments contained in Hardwork's motion to dismiss.  Pursuant to Local Rule 15.1(a), Plaintiff's proposed SAC is attached to the Cross-Motion for Leave to Amend as **Exhibit A** and a redline/strikeout version of Plaintiff's SAC is attached to the Cross-Motion for Leave to Amend as **Exhibit B**.

8.     On May 13, 2024, Plaintiff sought Hardwork's consent to file an amended complaint to address the arguments set forth in Hardwork's motion to dismiss.  That same day, Hardwork inquired about the Plaintiff's proposed amendments, presumably in order to determine whether it would consent to same.  On May 14, 2024, Plaintiff explained to Hardwork the basis for her proposed SAC.  Hardwork did not respond to Plaintiff's May 14, 2024 email.

9.     On May 15, 2024, Plaintiff's counsel telephoned Hardwork's counsel to discuss Plaintiff's amendment or, alternatively, additional time to file her response to Hardwork's motion to dismiss.  Plaintiff was unable to reach Hardwork.

10.    On May 15, 2024, Plaintiff, through letter motion, sought additional time to respond to Hardwork's motion to dismiss.  (ECF No. 32).

11.     The Court granted Plaintiff's motion on May 15, 2024, extending Plaintiff's time to respond to Hardwork's motion to dismiss to June 20, 2024.  (ECF No. 33).

## ARGUMENT

### I.     Legal Standard

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the Court's leave.  The Court should freely give leave when justice so requires."  The Second Circuit has recognized that leave to amend "should ordinarily be granted," especially when a plaintiff requests leave following the filing of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015) (holding that, by not allowing plaintiffs to submit a new pleading attempting to correct any deficiencies, the district court "violated the liberal spirit of Rule 15" (quoting *Williams v. Citigroup, Inc.*, 659 F.3d 208, 214 (2d Cir. 2011)); *LoPorto v. Cty. of Rensselaer*, No. 1:15-CV-0866 (LEK/DJS), 2018 U.S. Dist. LEXIS 162432, *62 (N.D.N.Y. Sep. 24, 2018). The Second Circuit has a strong preference to permit amendments to pleadings that will facilitate resolution on the merits.  *Lorely Fin.*, 791 F.3d at 190; *Wilson v. Fabric Cellar, Inc.*, No. 20-CV-244S, 2021 U.S. Dist. LEXIS 130536, *5 (W.D.N.Y. July 13, 2021) (citations omitted).

Leave to amend can be denied only upon a showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Twahir v. Vill. Care of N.Y., Inc.*, 2011 U.S. Dist. LEXIS 74755, at *1 (S.D.N.Y. July 11, 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (cleaned up)).  "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *Block v. First Blood Assocs.*,

3

988 F.2d 344, 350 (2d Cir. 1993).  "If the [movant] has at least colorable grounds for relief, justice ... require[s]" that the court grant leave to amend a complaint." *Golden Trade, S.r.L. v. Jordache*, 143 F.R.D. 504, 506 (S.D.N.Y.1992) (quoting *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Building 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979)).

When a motion for leave to amend is filed while a motion to dismiss is pending, "the preferred course of action is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than rendering moot the motion for leave." *McGrier v. Capitol Cardiology*, No. 1:20-CV-1044 (LEK/DJS), 2021 U.S. Dist. LEXIS 150605, *6 (N.D.N.Y. Aug. 11, 2021); *see also Pecou v. Bessemer Tr. Co.*, No. 1:22-cv-01019-MKV, 2022 U.S. Dist. LEXIS 152259 (S.D.N.Y. Aug. 24, 2022) (citations omitted); *Wilson*, supra.

## II.    Plaintiff's Amendment Furthers the Interest of Justice

As stated above, Plaintiff seeks to file the SAC to address the arguments raised by Hardwork in its motion to dismiss, specifically that Plaintiff fails to state a plausible negligence claim against Hardwork because (i) it does not owe a duty of care to Plaintiff and (ii) it did not breach its duty of care to Plaintiff.  Plaintiff's SAC addresses the alleged deficiencies in her first amended complaint by: (1) further explaining the relationship between Geever and Hardwork; (2) elaborating on Hardwork's connection to Plaintiff, the duty owed to her, and the relationship between her (as well as similarly situated women and girls) to Hardwork; and (3) the actual and constructive notice Hardwork, through its employees, agents, executives, and representatives, had of Geever's propensity to commit sexual assault of Hardwork customers, individuals who provided a financial benefit to Hardwork.

This Court and the Second Circuit have repeatedly expressed a longstanding preference for resolving matters on the merits and, in the interest of justice, permitting amendments of pleadings accordingly.  *See Lorely Fin.*, 791 F.3d at 190; *Smith v. Hochul*, No. 5:21-CV-0035 (LEK/ATB), 2023 U.S. Dist. LEXIS 48137, *6 (N.D.N.Y. Mar. 22, 2023) (citing *Williams v.*

4

*Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011)).   Plaintiff's proposed amendment, therefore, is in the interest of justice and consistent with decades of precedent.

### III.   Plaintiff's Amendment Will Not Unduly Prejudice Hardwork

In determining whether a party is prejudiced by a proposed amendment, the Second Circuit considers whether the amendment would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; and (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. *Block*, 998 F.2d at 350 (internal citations omitted).   *See also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010).   Undue prejudice arises, for example, when a party seeks to amend on the eve of trial and would result in new problems of proof.   *See State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).   Delay alone is an insufficient basis for a court to find prejudice to the non-moving party. *See Assam v. Deer Park Spring Water*, 163 F.R.D. 400, 407-8 (E.D.N.Y. 1995) (citing *Rachman v Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234-5 (2d Cir. 1995)).   Additionally, "time, effort and money… expended in litigation the matter," without more, cannot constitute prejudice sufficient to warrant denial of leave to amend. *Pasternack v. Shrader*, 853 F.3d 162, 174 (2d Cir. 2017).

Plaintiff's proposed SAC will not unduly prejudice Hardwork.   This matter is still in its infancy, only a few months old.   The parties have not engaged in written discovery or depositions.   In fact, the Court has not yet issued a case management order and this matter is not set for trial.   Hardwork will have ample time to consider and address the new allegations contained in Plaintiff's SAC and determine how it can best respond as there are no looming discovery deadlines.   Hardwork certainly cannot claim that it will suffer any additional discovery obligations.   Plaintiff's proposed SAC does not include new causes of action against Hardwork or identify additional parties; it simply addresses the issues identified in Hardwork's

motion to dismiss.  Hardwork has no good basis to contend it will be prejudiced by Plaintiff's proposed amendment.

## IV.   Plaintiff's Amendment is Not Unduly Delayed or in Bad Faith

Hardwork cannot argue that Plaintiff's proposed amendment was unduly delayed, in bad faith, or with a dilatory motive.  Courts have granted motions to amend pleadings where cases have been litigated for *years.  See e.g.*, *Richardson Greenshields Secur., Inc. v. Mui-Hin Lau*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987) (collecting cases); *Rachman*, 46 F.3d at 235 (granting motion for leave to amend to add a defense four years after the complaint was filed); *Catapano v. Western Airlines, Inc.*, 105 F.R.D. 621, 623 (E.D.N.Y. 1985) (granting motion for leave to amend complaint more than one year after suit was filed).  Moreover, delay alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend.  *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).  If a party moving to amend a pleading can demonstrate that the delay was not excessive and there was reasonable justification for it, the amendment will be allowed.  *See Assam*, supra (internal citations omitted).  As detailed above, this case is still in the pleading stage; discovery has not yet begun, and trial has not yet been scheduled.  Plaintiff's proposed amendment is not unduly delayed.

Nor can Hardwork allege that Plaintiff's proposed amendment is being made in bad faith or with a dilatory motive.  The Second Circuit has found bad faith where, for example, plaintiff sought to amend their complaint following the completion of discovery, after the Court-imposed deadline to amend, and days before the defendant was to file a motion for summary judgment.  *See Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 453 F. Supp.2d 633, 680 (S.D.N.Y. 2006), aff'd 582 F.3d 244 (2d Cir. 2009).  In *United States ex rel. Hayes v. Allstate Ins. Co.*, 686 Fed. Appx. 23, 28 (2d Cir. 2017), the Court found bad faith where a party seeking to amend its pleadings made misrepresentations to the court in a prior proceeding.  Plaintiff has made no misrepresentations to the Court in a past filing, nor has she

violated any Court order.  Certainly, Plaintiff has not sought to amend her complaint at the eleventh hour, following completion of discovery or on the eve of summary judgment or trial. In light of the foregoing, Plaintiff's proposed amendment cannot be said to be unduly delayed, in bad faith, or with a dilatory motive.

## V.   Plaintiff's Proposed Amendment is Not Futile

Finally, Plaintiff's proposed amendments are not futile.  "It is well established in [the Second] Circuit that 'the burden of proving futility rests on the party opposing amendment.'" *FC Online Mktg. v. Burke's Martial Arts, LLC*, No. 14-CV-3685 (SJF)(SIL), 2016 U.S. Dist. LEXIS 137940, *19-20 (E.D.N.Y. Sep. 30, 2016) (collecting cases).  A proposed amendment is futile only if it fails to state a claim under Fed. R. Civ. P. 12(b)(6).  *See Panther Partners Inc. v. Ikanos Communs., Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).  In determining whether a proposed amended complaint states a claim, a court must (i) consider the proposed amendments and the remainder of the complaint; (ii) accept as true all non-conclusory factual allegations therein; and (iii) draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief.  *See Id.*

### a.   Plaintiff's Proposed Amendments

As detailed above, Plaintiff seeks leave to file the proposed SAC to address the alleged deficiencies identified in Hardwork's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In its motion, Hardwork argues that Plaintiff's FAC fails to identify a duty Hardwork or its employees, agents, executives, or representatives owed to Plaintiff stemming from Geever's October 1, 2010 sexual assault of Plaintiff.  Hardwork further claims that even if it owed a duty, Plaintiff cannot demonstrate that Hardwork breached its duty to Plaintiff.  Plaintiff's proposed SAC addresses these points by including *inter alia*:

(1) Geever was acting in the course and scope of his employment with Hardwork on October 1, 2010, the night of his sexual assault of Plaintiff.  (Ex. B, ¶¶ 4, 6, 31, 47, 69, 82-84, 147-149, and 158).

(2) Geever, Hardwork's representative, engaged in open and notorious predatory behavior which was expressly and unambiguously known to Hardwork's employees, agents, representatives, and executives.  Hardwork's employees, agents, representatives, and executives attempted to conceal and downplay their knowledge of Geever's predatory behavior.  (Ex. B, ¶¶ 5, 10, 13, 16, 50-54, 59, and 151).

(3) Hardwork's employees, agents, representatives, and executives instituted policies and procedures in an unsuccessful effort to curb Geever's ability to engage in sexual misconduct.  (Ex. B, ¶¶ 51 and 163).

(4) Hardwork controlled, approved, sponsored, sanctioned, funded, and/or ratified Anti-Flag concerts, events, parties, and individual member performances affiliated with Anti-Flag and Hardwork, including Geever's involvement in the events leading up to his assault of Plaintiff.  (Ex. B, ¶¶ 6, 15, 33, 47, 67, 75-77, 82-84, 89, 147, 153, and 158).

(5) Hardwork financially benefited from Anti-Flag projects and affiliated projects such as members' solo performances and used such projects as mechanisms to solicit and generate business.  (Ex. B, ¶¶ 47, 67, 70, 147, 158, and 165).

(6) There was a nexus between Hardwork's negligence and Plaintiff's injuries.  (Ex. B, *passim*).

**b.  Plaintiff's SAC Sufficiently Alleges Negligence**

In order to assert a claim for negligence under New York law, a plaintiff must establish (1) that defendant owed a duty of care to the plaintiff; (2) that the defendant breached that duty; (3) that the defendant's breach was the proximate cause of plaintiff's injuries; and (4) that the

8

plaintiff was damaged.  *See Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002) (internal citations omitted).  It is well established that a defendant may be liable for negligence only if the defendant owes a duty to the plaintiff.  *Pulka v. Edelman*, 40 N.Y.2d 781, 782, 390 N.Y.S.2d 393, 358 N.E.2d 1019 (1976).  "In the absence of duty, there is no breach and without breach there is no liability."  *Id.* (internal citations omitted).

Plaintiff's proposed SAC clearly and unambiguously demonstrates that Hardwork owed a duty to Plaintiff, namely a duty to ensure that Plaintiff, a customer, attendee, and invitee to events and spaces controlled, approved, sponsored, sanctioned, funded, and/or ratified by Hardwork and/or its employees, agents, representatives and executives, would be free from foreseeable harm from an individual Hardwork knew or should have known posed a risk to Plaintiff and others similarly situated.  Plaintiff's proposed SAC illustrates that Geever engaged in open and notorious grooming and other nefarious behaviors at Hardwork-affiliated events that could reasonably led Hardwork to appreciate the dangers associated with Geever.  Furthermore, Plaintiff's proposed SAC details how Hardwork breached its duties to Plaintiff by failing to warn Plaintiff, failing to report Geever's prior sexual misconduct to authorities, and failing to institute policies and procedures to ensure that Plaintiff and others similarly situated were free from harm.  Plaintiff, therefore, has sufficiently pled and demonstrated the viability of her negligence cause of action.

### c.  Plaintiff's SAC Sufficiently Alleges Negligent Supervision and Retention

Additionally, Plaintiff's proposed SAC sufficiently pleads that Hardwork was liable to Plaintiff based on Hardwork's employment of Geever.  In the case of an employer, Hardwork, and an employee, Geever, the focus is not on the employer's relationship with the plaintiff, but its relationship with the tortfeasor.  *See Waterbury v. New York City Ballet, Inc.*, *Waterbury v. N.Y.C. Ballet, Inc.*, 205 A.D.3d 154, 161-62, 168 N.Y.S.3d 417 (App. Div. 1st Dept. 2022) (collecting cases).  This is because "[t]he negligence of an employer... arises from its having

placed the employee in a position to cause foreseeable harm, harm which the injured party most probably would have been spared had the employer taken reasonable care in making its decision concerning the hiring and retention of the employee." *R.M. v. Rockefeller Univ.*, 2023 NY Slip Op 30192(U) (Sup. Ct., January 11, 2023) (collecting cases). In order to state a claim for negligent hiring, supervision, or retention, a plaintiff must plead (1) the existence of an employee-employer relationship; (2) "that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Kenneth R. v. Roman Catholic Diocese of Brooklyn*, 229 A.D.2d 159, 161, 654 N.Y.S.2d 791 (App. Div. 2nd Dept. 1997)); and (3) "a nexus or connection between the plaintiff's injuries and the defendant's malfeasance." *Gonzalez v. City of the N.Y.*, 133 A.D.3d 65, 70, 17 N.Y.S.3d 12 (App. Div. 1st Dept. 2015). New York law does not require that the tort be conducted with an employer's chattels or an employer's premises; rather, the necessary nexus requires only that the employer is involved in or connected with the tort, including the employer's ability to control the employee and its knowledge of the need to exercise such control. *See e.g.*, *Waterbury*, 205 A.D.3d at 161-162; *Johansmeyer v. N.Y.C. Dep't of Educ.*, 165 A.D.3d 634, 634-37, 85 N.Y.S.3d 562 (App. Div. 2nd Dept. 2018); *Doe v. Congregation of the Mission of St. Vincent De Paul in Germantown*, 2016 NY Slip Op 32061(U), *4-8 (Sup. Ct. September 13, 2017) (hereinafter, "*Congregation*").

New York courts have repeatedly found employers liable for negligent hiring, supervision, and retention involving employee's sexual assault. *See e.g.*, *R.M.*, supra (denying employer's motion to dismiss plaintiff's negligence claim where the assault occurred outside of employer's premises and finding a nexus where plaintiff claimed that employer approved, sanctioned, and/or supervised employee's off-site conduct and used employee's off-site activities as a referral source); *Johansmeyer*, supra (denying employer's motion for summary judgment where employee assaulted plaintiff in their home after meeting them on employer's

premises); *Congregation*, supra (denying defendants' motion to dismiss sexual assault that occurred off-premises); *c.f. Roe v. Domestic & Foreign Missionary Soc'y of the Prot. Episcopal Church*, 198 A.D.3d 698, 155 N.Y.S.3d 418 (App. Div. 2nd Dept. 2021) (finding that an employer was not liable for an employee's sexual assault where the assault occurred from the employer's premises and the complaint was devoid of allegations that plaintiff had previously encountered the perpetrator or had prior contact with the plaintiff and defendants); *"John Doe 1" v. Bd. of Educ. of Greenport Union Free Sch. Dist.*, 100 A.D.3d 703, 955 N.Y.S.2d 600 (App. Div. 2nd Dept. 2012) (finding that an employer is not liable where plaintiff met tortfeasor employee outside of his employment with employer).

Here, Plaintiff's proposed SAC unequivocally alleges that Hardwork and Geever were in an employer-employee relationship and that Geever had a propensity to commit sexual assault or engage in sexual misconduct which Hardwork, through its agents, representatives, and executives, knew or should have known.  Plaintiff's proposed SAC also sufficiently alleges a nexus between Hardwork's malfeasance and her injuries.  As was the case in *R.M.*, Plaintiff is alleging here that Hardwork was sufficiently connected to Geever's assault of Plaintiff through its control, approval, sponsorship, funding, and/or ratification of the October 1, 2010 events and premises Geever used to groom and assault Plaintiff. Plaintiff also sufficiently alleges that Hardwork profited from Geever's misconduct and generated a culture of silence regarding Geever's misconduct because it knew that revealing it would hurt customer recruiting and sales.

Plaintiff's proposed amendments, therefore, are not futile.  They supplement and clarify her claims against Hardwork delineated in her First Amended Complaint.

## CONCLUSION

For the reasons set forth above, consistent with the Second Circuit's longstanding preference for resolving matters on the merits and liberal standard on amending pleadings,

Plaintiff respectfully requests this Court grant her cross-motion for leave to amend, deny Hardwork's motion to dismiss as moot, and for such other relief deemed just and proper.

Dated: New York, New York
  May 21, 2024

          **McALLISTER OLIVARIUS**

          /s/ *John F.O. McAllister*
          John F.O. McAllister
          641 Lexington Avenue
          13th Floor
          New York, NY 10022
          Telephone: (212) 433-3456
          jmcallister@mcolaw.com

          *Attorneys for Plaintiff*