**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK**

**KRISTINA SARHADI**,

Plaintiff,

- against –

**JUSTIN CATHAL GEEVER a/k/a JUSTIN SANE, HARDWORK DISTRIBUTION, INC., and DOE 1,**

Defendants.

Civil Action No:. 1:24-cv-00031 (BKS/CFH)

**DEFENDANT HARDWORK DISTRIBUTION, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................ 1

II. ARGUMENT ........................................................ 2

A. Plaintiff's Proposed Amendments Are Futile ........................................................ 3

B. The Court Should Decide Hardwork's Pending Motion To Dismiss ........................................................ 11

III. CONCLUSION ........................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*"John Doe 1" v. Board of Educ. of Greenport Union Free Sch. Dist.*,
100 A.D.3d 703, 955 N.Y.S.2d 600,603 (2d Dept. 2012) ....7

*Adorno v. Corr. Servs. Corp.*,
312 F.Supp.2d 505, 516-17 (S.D.N.Y. 2004) ....9

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
625 F.3d 699 (2d Cir. 2010)....3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....6, 9

*Balintulo v. Ford Motor Co.*,
796 F.3d 160 (2d Cir. 2015)....3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....5, 6, 9

*Bellikoff v. Eaton Vance Corp.*,
481 F.3d 110 (2d Cir. 2007)....10

*Betts v. Sixty Lower E. Side, LLC*,
No. 20 CIV. 4772 (NRB), 2023 WL 5352334 (S.D.N.Y. Aug. 21, 2023),
*appeal withdrawn*, No. 23-1289, 2024 WL 1152438 (2d Cir. Jan. 22, 2024)....7

*Conforti v. Sunbelt Rentals, Inc.*,
201 F. Supp. 3d 278 (E.D.N.Y. 2016) ....11

*De Sole v. Knoedler Gallery, LLC*,
137 F. Supp. 3d 387 (S.D.N.Y. 2015)....8

*Doe v. Alsaud*,
12 F. Supp. 3d 674 (S.D.N.Y. 2014)....8

*Doe v. Montefiore Med. Ctr.*,
2013 WL 624688 (S.D.N.Y. Feb. 19, 2013), *aff'd*, 598 F. App'x 42 (2d Cir. 2015) ....9

*Doe v. Uber Techs., Inc.*,
551 F. Supp. 3d 341 (S.D.N.Y. 2021)....8

*Foman v. Davis*,
371 U.S. 178 (1962)....3

*Galvani v. Nassau Cty. Police Indemnification Review Bd.*,
242 A.D.2d 64, 674 N.Y.S.2d 690 (2d Dep't 1998) ........ 8

*Hamzik v. Office for People with Developmental Disabilities*,
859 F. Supp. 2d 265 (N.D.N.Y. 2012) ........ 11

*Health-Chem Corp. v. Baker*,
915 F.2d 805 (2d Cir. 1990) ........ 10

*Jones v. N.Y. State Div. of Military & Naval Affairs*,
166 F.3d 45 (2d Cir. 1999) ........ 3

*Kant v. Columbia Univ.*,
No. 08-CIV-7476 (PGG), 2010 WL 807442 (S.D.N.Y. Mar. 9, 2010) ........ 6

*Koran II.*, 256 A.D.2d at 189-192, 683 N.Y.S.2d 228 ........ 7

*United States ex rel. Ladas v. Exelis, Inc.*,
824 F. 3d 16 (2d Cir. 2016) ........ 3

*Lucente v. IBM Corp.*,
310 F.3d 243 (2d Cir. 2002) ........ 3

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007) ........ 3

*MS v. Arlington Cent. Sch. Dist.*,
128 A.D.3d 918, 9 N.Y.S.3d 632 (2d Dept. 2015) ........ 7

*Musalli Factory for Gold & Jewellry v. JPMorgan Chase Bank, N.A.*,
261 F.R.D. 13 (S.D.N.Y. 2009) ........ 4

*In re Nokia Oyj. (Nokia Corp.) Sec. Litig.*,
423 F. Supp. 2d 364 (S.D.N.Y. 2006) ........ 9

*Pettaway v. Nat'l Recovery Sols.*,
LLC, 955 F.3d 299 (2d Cir. 2020) ........ 11

*Purdy v. Public Adm'r of Westchester*,
72 N.Y.2d 1, 8, 530 N.Y.S.2d 513 (N.Y. 1988)), *aff'd sub nom. Musalli Factory for Gold & Jewellry Co. v. JPMorgan Chase Bank, N.A.,* 382 F. App'x 107 (2d Cir. 2010) ........ 4

*Read v. Cornning Inc.*,
371 F. Supp.3d 87 (W.D.N.Y. 2019) ........ 5

*Riverkeeper, Inc. v. Hudson Wholesalers Rest. Equip.*,
No. 122CV00564BKSCFH, 2023 WL 6122850 (N.D.N.Y. Sept. 19, 2023) ........ 11

*TechnoMarine SA v. Giftports, Inc.*,
758 F.3d 493 (2d Cir. 2014)....................2

**Court Rules**

Fed. R. Civ. P. 15(a)(2)....................1, 2

Fed. R. Civ. Rule 6....................1

Rule 8(a)....................6

Rule 12(b)(6)....................10

## I. INTRODUCTION

Plaintiff's motion seeking permission to amend her complaint (for the second time) is a poorly disguised attempt to resuscitate a meritless case against Hardwork Distribution, Inc. ("Hardwork") after it has become clear that the individual, Defendant Geever, who allegedly harmed Plaintiff will not be appearing in the above-captioned action.[1] Plaintiff filed her action more than six months ago. (Dkt. No. 2.) On March 5, 2024 the Court granted Plaintiff's request for an extension of time to amend her complaint (Dkt. No 23) and Plaintiff filed a First Amended Complaint ("FAC") on March 14, 2024. (Dkt. No 25.) Hardwork timely filed[2] its Motion to Dismiss setting forth how the FAC fails to state a claim (Dkt. No. 28). Plaintiff, two business days before her opposition to Hardwork's Motion to Dismiss was due, without speaking to Defense counsel, requested additional time to respond to the Motion to Dismiss. (Dkt. No. 32.) Then, on the day her opposition to Hardwork's Motion to Dismiss would have been due, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file yet another amended complaint. (Dkt. No. 36.) In her Motion seeking leave to file a Second Amended Complaint ("SAC")

---

[1] Defendant Geever has failed to respond to Plaintiff's complaint (Dkt. No. 29) and, according to Plaintiff, has "fled" to Ireland.

[2] Plaintiff ***again*** makes the specious claim that Defendant Hardwork did not timely file its Motion to Dismiss when she states that Hardwork filed its Motion on "April 22, 2024, two days after the deadline imposed by the Court". (Pl. Brief ¶ 7.) April 20, 2024 fell on a Saturday and per Fed. R. Civ. Rule 6, Hardwork's time to file its Motion was continued to Monday, April 22, 2024. The fact that Plaintiff continues to state that Hardwork's Motion to Dismiss was not timely filed despite the fact that the date calculation was clearly explained in the Letter Motion filed by Hardwork on May 16, 2024 (Dkt. No. 34) -- filed after Plaintiff's first attempt to suggest Hardwork has not complied with the Court's orders -- further exemplifies Plaintiff's inappropriate gamesmanship.

Plaintiff concedes that she is attempting to repair through amendment the infirmities apparent on the face of her original and first amended complaint after she has had the benefit of access to Defendant Hardwork's Motion to Dismiss.[3] Yet, even with the luxury of significant additional time, all Plaintiff has to offer in her proposed SAC are additional conclusory, unsupported vague allegations and another dose of invective and innuendo based solely upon "information and belief".

Federal Rule of Civil Procedure 15(a)(2) states that the Court should grant leave to amend a pleading "when justice so requires." It is hard to imagine how justice could require leave to amend here. Plaintiff's proposed amendments are, yet again, futile and based on information available to her at the outset of the litigation. Plaintiff's motion to amend amounts to nothing more than a desperate attempt to delay the inevitable dismissal of this vexatious litigation against Hardwork. Like Plaintiff's FAC and the original Complaint before it, the SAC fails to allege a plausible or cognizable claim against Hardwork. Rather than deposit this matter back at square one, the Court should deny Plaintiff's motion to amend because she cannot satisfy the requirements of Federal Rule of Civil Procedure 15(a)(2).

## II. ARGUMENT

Although a district court should grant leave to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine*

---

[3] Pursuant to this Court's order, Plaintiff's opposition to Defendant Hardwork's Motion to Dismiss is now due on or before June 20, 2024.

*SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 200 (2d Cir. 2007) (additional citations omitted)). In any of the latter circumstances, leave to amend "should generally be denied." *United States ex rel. Ladas v. Exelis, Inc.,* 824 F. 3d 16, 28 (2d Cir. 2016) (quotation marks omitted). Furthermore, it is settled law that a court may deny leave to amend if the proposed amendment would be "futile." *See, e.g., Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999) ("[A] district court may properly deny leave when amendment would be futile."); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . futility of amendment . . . the leave sought should, as the rules require, be 'freely given.'"). "[A] proposed amendment to a complaint is futile when it 'could not withstand a motion to dismiss.'" *Balintulo v. Ford Motor Co*., 796 F.3d 160, 164-65 (2d Cir. 2015) (quoting *Lucente v. IBM Corp*., 310 F.3d 243, 258 (2d Cir. 2002)). As such, a district court should deny leave to amend as futile "if the proposed amendment fails to state a legally cognizable claim." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 625 F.3d 699, 726 (2d Cir. 2010).

**A. Plaintiff's Proposed Amendments Are Futile**

Here, Plaintiff seemingly concedes that the FAC fails to state a claim against Hardwork when she states that she "seeks to file the SAC to address the arguments raised by Hardwork […] specifically that Plaintiff fails to state a plausible negligence claim." (Pl. Brief p.4.) Indeed, as more fully set forth in Hardwork's Motion to Dismiss the FAC (Dkt. No. 28) Plaintiff's claims against Hardwork should be dismissed because Plaintiff wholly fails to state a plausible negligence or negligent infliction of emotional distress claim

against Hardwork. The question of what duty, if any, Hardwork owed to Plaintiff is a legal question and therefore, the Court must look to the law, not Plaintiff's complaint, to define this duty. *Musalli Factory for Gold & Jewellry v. JPMorgan Chase Bank, N.A.,* 261 F.R.D. 13, 27 (S.D.N.Y. 2009), *(*citing *Purdy v. Public Adm'r of Westchester,* 72 N.Y.2d 1, 8, 530 N.Y.S.2d 513 (N.Y. 1988)), *aff'd sub nom. Musalli Factory for Gold & Jewellry Co. v. JPMorgan Chase Bank, N.A.,* 382 F. App'x 107 (2d Cir. 2010) (issue of whether a duty of care is owed by defendant to plaintiff is a question of law that the Court may properly determine on a motion to dismiss).

As a matter law, Plaintiff cannot point to any duty that Hardwork had to Plaintiff in relation to an alleged sexual assault by Geever in Rosendale or Woodstock, New York on October 1, 2010 (FAC ¶ 69) a day when Anti-Flag was not performing in either Woodstock or Rosendale, New York and no member of Anti-Flag other than Defendant Geever was in Rosendale and Woodstock, New York. Plaintiff bases her allegations of negligence and negligent infliction of emotional distress against Hardwork in relation to an alleged event that she admits took place nine (9) days after the Anti-Flag concert she attended -- Plaintiff concedes (in both the FAC and the proposed SAC) that of her own volition: she chose to accept an invitation from Defendant Geever to attend a film festival more than a week after the Anti-Flag concert, she travelled with Defendant Geever to his solo concert in another town, she decided to join Defendant Geever at an after-party and drove them both there, she agreed to join Defendant Geever for drinks at a bar, and finally she decided to accept Defendant Geever's invitation to join him at his motel room. (FAC ¶¶ 66-82, proposed SAC ¶¶ 71-74, 78-82, 84-95.) Plaintiff states she was assaulted in Defendant Geever's hotel

room and she seeks to hold Defendant Hardwork responsible for the alleged assault. In its Motion to Dismiss, Hardwork explains that pursuant to New York law, the intervening independent acts of Defendant Geever (and Plaintiff) render Defendant Geever's liability as the sole and only proximate cause of Plaintiff's alleged injury and where there is no breach of duty there can be neither a negligence claim nor a negligent inflection of emotional distress claim. (Dkt. No. 28).

Plaintiff's proposed amendments as described, fail either to cure the facial deficiencies of the FAC or to allege any new, plausible, or cognizable claims against Hardwork. Indeed, the majority of Plaintiff's proposed amendments seek to create a duty where none exists by baselessly stating over and over "upon information and belief" that Defendant Geever's actions were "approved, sponsored, sanctioned, ratified, funded and/or supported by Hardwork and/or its employees, agents and representatives". However, "a plaintiff's obligation to provide the 'grounds' of [his or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007) (citations omitted).

Like the FAC, the proposed SAC urges the Court to infer Hardwork's purported knowledge despite the complete absence of specific factual allegations concerning any wrongdoing by Defendant Geever. Plaintiff's conclusory allegations remain insufficient to create a plausible inference that Hardwork (or the other band members) had any knowledge, actual or constructive, about Defendant Geever's alleged behavior (they did not). *See Read v. Cornning Inc.*, 371 F. Supp.3d 87, 92 (W.D.N.Y. 2019) ("[w]here a defendant's knowledge of some fact or circumstance is an element of a tort claim, a bare

assertion that a defendant 'knew or should have known' of that fact or circumstance is insufficient to state a claim"). The allegations that Plaintiff met Defendant Geever at an Anti-Flag concert and/or that she was a fan of Anti-Flag for many years do not create a legal duty where none exists.

Plaintiff's proposed amendments do nothing to "nudge[]" Plaintiff's core claims that Hardwork owed her a duty which it breached -- "'across the line from conceivable to plausible,'" so as to enable the SAC to meet the pleading requirements of Rule 8(a). *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Indeed, the proposed SAC offers little more than a further embellishment of the insufficient legal conclusions and conclusory allegations that make up Plaintiff's FAC – adding additional unsupported, vague allegations regarding Hardwork's purported "knowledge" of Geever's alleged actions, which Plaintiff admits are added in an attempt to sufficiently allege a negligent supervision and retention claim. (Pl. Br. p. 9.) It is well established that courts are free to consider inconsistencies between an earlier pleading and a proposed amended pleading when considering whether to grant leave to amend. *See Kant v. Columbia Univ.*, No. 08-CIV-7476 (PGG), 2010 WL 807442, at *7 (S.D.N.Y. Mar. 9, 2010) (collecting cases).

As an initial matter, Plaintiff who asserts that her "proposed SAC does not include new causes of action against Hardwork" (Pl. Br. p. 5) has wholly failed to plead a claim of negligent supervision and retention against Hardwork.[4] Regardless, even if the SAC

[4] "To state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: (1) that the tort-feasor and the

sufficiently alleged the elements to support a negligent supervision and retention claim, which it does not, such a claim would fail (along with the negligence and NIED claims actually claimed against Hardwork in the SAC) because Plaintiff cannot plead around two significant facts. First, the alleged tort was not only separated from the employer and employment relationship (to the extent such a relationship existed) by "time" and "place," but also because of "intervening independent acts" of the alleged tortfeasor. *See, e.g., MS v. Arlington Cent. Sch. Dist.*, 128 A.D.3d 918, 918-20, 9 N.Y.S.3d 632 (2d Dept. 2015) ("Although [the infant plaintiff] first met [the employee] through the marching band, [plaintiff's] injuries were not proximately caused by any negligent retention or supervision by the appellants"); *"John Doe 1" v. Board of Educ. of Greenport Union Free Sch. Dist.*, 100 A.D.3d 703, 706, 955 N.Y.S.2d 600,603 (2d Dept. 2012) (plaintiff did not have negligent hiring and supervision cause of action against school were plaintiff's testimony established that all the improper acts took place off school premises and/or out of the school hours where school defendants had no custody or control over the plaintiff and no duty to monitor or supervise the conduct of the alleged tortfeasor because there was "no nexus between [tortfeasor's] employment and the sexual assaults, since they were separated by time, place, and the intervening independent acts of the [tortfeasor]); *Koran II.*, 256

defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels." *Betts v. Sixty Lower E. Side, LLC*, No. 20 CIV. 4772 (NRB), 2023 WL 5352334, at *12 (S.D.N.Y. Aug. 21, 2023), *appeal withdrawn*, No. 23-1289, 2024 WL 1152438 (2d Cir. Jan. 22, 2024). None of the foregoing apply.

A.D.2d at 189-192, 683 N.Y.S.2d 228 (Plaintiff failed to meet his burden to show that the allegedly negligent "hiring" was the proximate cause of his injuries, "though ... plaintiff first met [the tortfeasor] through the school, plaintiff's personal encounters with his abuser were not set up through school channels, and occurred in [the tortfeasor's] apartment after his volunteer work at the school had ceased [….] Accordingly, defendant cannot be held liable because any nexus between [the tortfeasor's] volunteer activities at the school and his assault upon plaintiff was severed by time, distance and [his] intervening independent actions").

Second, even assuming *arguendo* that Hardwork and Geever were in an employer-employee relationship, Plaintiff's new allegations continue to fail to demonstrate that Hardwork knew or should have known about Geever's alleged assault of Plaintiff (or anyone else) – this failure is fatal to Plaintiff's negligence claim (even if styled as a negligent hiring and supervision claim)[5] and warrants dismissal of the SAC. *See, e.g, Doe*

---

5 To the extent Plaintiff makes these allegations in support of a *respondeat superior* claim, that claim (as more fully set forth in Hardwork's Motion to dismiss (Dkt. No. 28) also fails. To state a claim for *respondeat superior*, a plaintiff must plead facts showing, among other things, that an employer-employee, agency or similar relationship exists between the parties **and the alleged wrongdoing causing the injury was undertaken within the scope of the employee's duties to the employer and was thus in furtherance of the employer's interests**. *De Sole v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 387, 417 (S.D.N.Y. 2015) (To state a claim under the New York common law doctrine of *respondeat superior* "a plaintiff must plead facts showing, among other things, that the tortious conduct causing the injury was undertaken within the scope of the employee's duties to the employer and was thus in furtherance of the employer's interests") (citations omitted). "An employer will not be held liable under [the doctrine of *respondeat superior*] for actions which were not taken in furtherance of the employer's interest and which were undertaken by the employee for wholly personal motives." *Doe v. Alsaud,* 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) (quoting *Galvani v. Nassau Cty. Police Indemnification Review Bd*., 242 A.D.2d 64, 68, 674 N.Y.S.2d 690 (2d Dep't 1998), collecting cases and noting that "**New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within**

*v. Uber Techs., Inc.,* 551 F. Supp. 3d 341 (S.D.N.Y. 2021) (female passenger who was allegedly sexually assaulted by ride-share service provider's driver failed to allege acts regarding driver that provider knew or could have known with exercise of care that should have led provider to conclude that particular driver posed danger to her even where she alleged that provider was aware that its drivers were sexually assaulting female customers after receiving 6,000 reports of sexual assault over two years; thus, she failed to state claim for negligent screening, hiring, and supervision, under New York law); *Doe v. Montefiore Med. Ctr.*, 2013 WL 624688, at *3 (S.D.N.Y. Feb. 19, 2013), *aff'd*, 598 F. App'x 42 (2d Cir. 2015) (noting that "[p]laintiff's negligent supervision/retention claim comes down to whether [the employee] had a propensity toward sexual misconduct and whether Defendants were or should have been aware of that propensity" and finding that Plaintiff's claim that employee was a "ticking time bomb" as evidenced by series of emails from employee's file which demonstrated aggressiveness, unpredictability and delusional paranoia was not sufficient to infer a known risk of sexual assault even where employee's prior inappropriate conduct was directed at his female colleagues).

Plaintiff's proposed SAC, her third attempted pleading, like those before it, falls far "short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted); *see also In re Nokia Oyj. (Nokia Corp.) Sec. Litig.*, 423 F. Supp. 2d 364, 410 (S.D.N.Y. 2006)

---

**the employment context**") (citations omitted) (emphasis added)); *see also, Adorno v. Corr. Servs. Corp.*, 312 F.Supp.2d 505, 516-17 (S.D.N.Y. 2004) ("New York courts have repeatedly found no vicarious liability for claims involving sexual misconduct, including sexual assault.") (collecting cases)

(denying leave to amend when "Plaintiffs' putative second Amended Complaint would only include more of the same conclusory allegations"). None of Plaintiff's proposed amendments in the SAC either "cure[s] prior deficiencies" in Plaintiff's claims against Hardwork or otherwise "state a claim under Rule 12(b)(6)," any more than the FAC or Plaintiff's original Complaint before it. Indeed, Plaintiff's new claim is merely a repackaged version of her central argument in the FAC, that Hardwork owed her a duty to somehow keep her and Defendant Geever from meeting more than a week after Plaintiff met Geever at a Hardwork concert. In her proposed amendments, Plaintiff once again asks the Court to rely on conjecture, speculation and unsupported allegations to keep Hardwork in this action. The new allegations set forth in the proposed SAC cannot change the fact that Hardwork cannot have breached its duty to Plaintiff when no such duty existed. Nor does the SAC allege any new facts or claims that would cure Plaintiff's failure to state a claim for NIED. Because the SAC would still fail to survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Plaintiff's motion for leave to amend should be denied. *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (holding that leave to amend is "especially inappropriate" where a plaintiff's "proposed amendments [are] merely recycled versions of claims which had already fallen victim to a motion to dismiss"); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied."). Indeed, even if this Court grants Plaintiff's request for leave to amend, which it should not, the Court should dismiss Plaintiff's SAC, for the reasons set forth in the brief submitted by Hardwork in support of its Motion to Dismiss Plaintiff's

FAC. (Dkt. No. 28.) The inconsequential changes Plaintiff proposes in the SAC do nothing to cure the deficiencies identified in Hardwork's brief.

### B. The Court Should Decide Hardwork's Pending Motion To Dismiss

In March, Plaintiff requested a briefing schedule that allowed her to file a FAC and did not contemplate the filing of a SAC. Days before her opposition to Hardwork's Motion to Dismiss the FAC was due, Plaintiff filed an unannounced motion to again amend her complaint. Plaintiff also requested (and was granted) an additional month to respond to Hardwork's pending motion to dismiss. Even if the Court were to accept Plaintiff's proposed SAC (which it should not), doing so should preclude the Court from considering Hardwork's pending motion to dismiss. Generally speaking, an amended pleading supersedes the original, however, this rule does not dictate that a pending motion to dismiss is automatically rendered moot when a complaint is amended. "District courts in this Circuit have repeatedly explained that, when faced with an amended complaint, they may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols.*, LLC, 955 F.3d 299, 303 (2d Cir. 2020) citing *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016) ("Where a plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" (quoting *Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 273–74 (N.D.N.Y. 2012)); *Riverkeeper, Inc. v. Hudson Wholesalers Rest. Equip.*, No. 122CV00564BKSCFH, 2023 WL 6122850,

at *3 (N.D.N.Y. Sept. 19, 2023) (considering pending motion to dismiss as applied to the latter pleading and noting that "[i]f the claims in the Proposed First Amended Complaint cannot survive the motion to dismiss, then Plaintiff's motion to amend will be denied as futile"). The Court should consider Hardwork's Motion to Dismiss in order obviate the need for multiple rounds of briefing to address multiple versions of Plaintiff's complaint which remains legally insufficient as to Plaintiff's claims against Hardwork.[6]

## III. CONCLUSION

For the reasons set forth above Defendant Hardwork Distribution, Inc. respectfully requests that the Court deny Plaintiff's application for leave to file a proposed second amended complaint and rule on Hardwork's pending Motion to Dismiss.

Dated: New York, New York
June 11, 2024

**BUCHANAN INGERSOLL & ROONEY PC**

By: /s/ Stuart P. Slotnick
Stuart P. Slotnick, Esq.
640 Fifth Avenue, 9th Floor
New York, New York 10019

---

[6] Additionally, Plaintiff unsupported, conclusory, and unnecessarily salacious allegations and conjecture are extremely prejudicial to the other members of the former band, Anti-Flag, and appear calculated to harm them by courting additional negative media exposure. In the FAC, Plaintiff made unnecessary statements such as "[a]ny sexual encounter between Geever and an underage girl lacks consent and, accordingly, is deemed rape. This rape is a form of sexual violence" (FAC ¶ 97) despite the fact that there are no allegations that Plaintiff was underage at the time of the alleged assault. In the proposed SAC, Plaintiff continues in the same vein by again highlighting the fact that sexual relations with underage women is sexual assault despite the fact that there are no claims that Plaintiff was underage at the time of the alleged assault and making allegations that "[b]ased on reliable press reports and information provided by women who have contacted Sarhadi so far, she *believes* that at least 60 women had sex with Geever when they were underage and/or without consent" (proposed SAC ¶ 55 (emphasis added)) without providing any further evidence or detail.

T: (212) 440-4400
F: (212) 440-4401
E: stuart.slotnick@bipc.com