UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KRISTINA SARHADI**,<br><br>      Plaintiff,<br><br>- against –<br><br>**JUSTIN CATHAL GEEVER a/k/a JUSTIN SANE, HARDWORK DISTRIBUTION, INC., and DOE 1,**<br><br>      Defendants. | Civil Action No. 1:24-cv-00031 (BKS/CFH) |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT HARDWORK DISTRIBUTION, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV.P.12(b)(6)**

July 19, 2024
New York, New York

                                        **BUCHANAN INGERSOLL & ROONEY PC**

                                        By:    /s/ Stuart P. Slotnick
                                                 Stuart P. Slotnick, Esq.
                                                 640 Fifth Avenue, 9th Floor
                                                 New York, New York 10019
                                                 T: (212) 440-4400
                                                 F: (212) 440-4401
                                                 E: stuart.slotnick@bipc.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

I. PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT RETENTION,
   HIRING AND SUPERVISION ........................................................................................... 2

   A. There Was No Employee to Employer Relationship Between Hardwork
      And Defendant Geever ........................................................................................... 3

   B. Binding Precedent Limits Negligent Retention Claims To Acts Occurring
      on the Employer's Property or With Its Chattels ..................................................... 4

II. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR COMMON LAW
    NEGLIGENCE OR NIED .................................................................................................. 8

III. HARDWORK'S MOTION TO DISMISS IS NOT MOOTED BY PLAINTIFF'S
     FILING OF A MOTION REQUESTING LEAVE TO AMEND HER FIRST
     AMENDED COMPLAINT ................................................................................................ 9

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barak v Chen*,
 87 AD3d 955 (2d Dept 2011) ...............................................................................................3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).........................................................................................................1, 10

*Betts v. Sixty Lower E. Side, LLC*,
 No. 20 CIV. 4772 (NRB), 2023 WL 5352334 (S.D.N.Y. Aug. 21, 2023),
 *appeal withdrawn*, No. 23-1289, 2024 WL 1152438 (2d Cir. Jan. 22, 2024),
 and motion to certify appeal denied, No. 20 CIV. 4772 (NRB), 2024 WL
 3104323 (S.D.N.Y. June 24, 2024)........................................................................................2

*Blouin v. Spitzer*,
 No. 01-CV-0925(HGM/GJD), 2001 WL 1708811 (N.D.N.Y. Nov. 8, 2001)..........................3

*Canosa v. Ziff*,
 2019 U.S. Dist. LEXIS 13263 (S.D.N.Y. Jan. 28, 2019).........................................................7

*Castro-Quesada v Tuapanta*,
 148 AD3d 978 (2d Dep't 2017) ..............................................................................................3

*Chen v. Cai*,
 No. 19-CV-05387 (PMH), 2022 WL 917575 (S.D.N.Y. Mar. 28, 2022)................................3

*Conforti v. Sunbelt Rentals, Inc.*,
 201 F. Supp. 3d 278 (E.D.N.Y. 2016) ....................................................................................9

*D'Amico v. Christie*,
 71 N.Y.2d 76 (1987) ..........................................................................................................5, 7

*David v. Weinstein Co. LLC*,
 18-cv-5414 (RA) (S.D.N.Y. Apr. 24, 2019) ...........................................................................7

*De Jesus v. Sears, Roebuck & Co.*,
 87 F.3d 65 (2d Cir.1996).........................................................................................................3

*Doe v. Alsaud*,
 12 F. Supp 3d 674 (S.D.N.Y. 2014)....................................................................................6, 7

*Doe ex rel. Doe v. Fed. Express Corp.*,
 345 F. App'x 670 (2d Cir. 2009) ............................................................................................5

*Doe v. Indyke*,
    465 F. Supp. 3d 452 (S.D.N.Y. 2020) ..................................................................................5

*Doe v. Montefiore Med. Ctr.*,
    598 F. App'x 42 (2d Cir. 2015) ..........................................................................................6

*Doe v. Uber Techs., Inc.*,
    551 F. Supp. 3d 341 (S.D.N.Y. 2021) ..................................................................................2

*Ehrens v. Lutheran Church*,
    385 F.3d 232 (2d Cir. 2004) .................................................................................2, 5, 6, 7

*Griffin v Sirva, Inc.*,
    29 NY3d 174 (2017) ...........................................................................................................4

*Hamzik v. Office for People with Developmental Disabilities*,
    859 F. Supp. 2d 265 (N.D.N.Y. 2012) ..............................................................................10

*Haybeck v. Prodigy Servs. Co.*,
    944 F. Supp. 326 (S.D.N.Y. 1996) ......................................................................................5

*Johansmeyer v. New York City Dep't of Educ.*,
    165 A.D.3d 634 (2d Dep't 2018) .........................................................................................6

*Letren v. Big Fish Entm't LLC*,
    2021 NY Slip Op 31688(U) 2021 WL 2028584, (May 21, 2021) ...................................6, 7

*Matter of O'Brien v Spitzer*,
    7 NY3d 239 (2006) .............................................................................................................3

*Papelino v. Albany Coll. of Pharmacy of Union Univ.*,
    633 F.3d 81 (2d Cir. 2011) ..................................................................................................6

*Pettaway v. Nat'l Recovery Sols.*,
    LLC, 955 F.3d 299 (2d Cir. 2020) ......................................................................................9

*R.M. v. Rockefeller Univ.*,
    2023 NY Slip Op 30192(U) (January 11, 2023) .................................................................6

*Read v. Corning Inc.*,
    371 F. Supp. 3d 87 (W.D.N.Y. 2019) ..................................................................................3

*Rich v. Fox News Network, LLC*,
    939 F.3d 112 (2d Cir. 2019) ................................................................................................5

*Riverkeeper, Inc. v. Hudson Wholesalers Rest. Equip.*,
    No. 122CV00564BKSCFH, 2023 WL 6122850 (N.D.N.Y. Sept. 19, 2023) ....................10

*Robinson v. United States*,
   332 F. Supp. 3d 516 (E.D.N.Y. 2018) ..................................................................................2

*Ross v. Mitsui Fudosan, Inc.*,
   2 F. Supp. 2d 522 (S.D.N.Y. 1998) .....................................................................................3

*Scipio v. Jimmy Jazz, Inc.*,
   2018 WL 1363088 (N.Y. Sup. Ct. Jan. 23, 2018)................................................................7

*Skinner v. Switzer*,
   562 U.S. 521 (2011)............................................................................................................2

*Stadnick v. Vivint Solar, Inc.*,
   861 F.3d 31 (2d Cir. 2017).................................................................................................2

*Starr v. Sony BMG Music Entm't*,
   592 F.3d 314 (2d Cir. 2010)................................................................................................2

*State Div. of Human Rights v GTE Corp.*,
   109 AD2d 1082 (4th Dep't 1985).......................................................................................4

*Waterbury v. N. Y.C. Ballet, Inc.*,
   168 N.Y.S.3d 417 (1st Dep't 2022)..................................................................................7, 8

**PRELIMINARY STATEMENT**

Defendant Hardwork Distribution, Inc. ("Hardwork"), by and through its undersigned counsel of record, Buchanan Ingersoll & Rooney PC, hereby submits its Reply Brief in further support of the Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss").

In her Opposition to Hardwork's Motion to Dismiss, Plaintiff admits that she is required to, at minimum, state claims that are plausible on their face (Opp. Br. p. 2). She has wholly failed to meet that burden. Seemingly grasping the weakness of her First Amended Complaint ("FAC") Plaintiff attempts to pivot in several different directions at the same time. She (i) makes false claims regarding the timeliness of Hardwork's filings,[1] (ii) argues that Hardwork's Motion to Dismiss is moot despite the fact that, contrary to Plaintiff's claims, the FAC remains the operative complaint, and (iii) she attempts to gloss over the fact that even if the Court were to take all well-pled allegations in the FAC as true, Plaintiff would still have failed to carry her burden to state a claim on which relief can be granted. The claims against Hardwork should be dismissed with prejudice.

**ARGUMENT**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

---

[1] Plaintiff *for the third time* makes the specious claim that Defendant Hardwork did not timely file its Motion to Dismiss when she states that Hardwork filed its Motion to Dismiss on "April 22, 2024, two days after the deadline imposed by the Court". (Pl. Opp. Brief ¶ 6.) April 20, 2024 fell on a Saturday and per Fed. Civ. Rule 6, Hardwork's time to file its Motion was automatically extended to Monday, April 22, 2024. The fact that Plaintiff continues to state that Hardwork's Motion to Dismiss was not timely filed despite the fact that the date calculation was clearly explained in the Letter Motion filed by Hardwork on May 16, 2024 (Dkt. No. 34), and Hardwork's Opposition To Plaintiff's Motion For Leave To Amend The First Amended Complaint (Dkt. No. 37) – both filed after Plaintiff's first attempt to suggest Hardwork has not complied with the Court's orders -- further exemplifies Plaintiff's blatant disregard for accuracy and honesty.

1

550 U.S. 544, 570 (2007). In answering the question of whether plaintiff's complaint is sufficient to "cross the federal court's threshold" the Court must "accept[] all factual allegations as true, but 'giv[e] no effect to legal conclusions couched as factual allegations.'" *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)); *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

I.  **PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT RETENTION, HIRING AND SUPERVISION**

In her Opposition, Plaintiff states she is not seeking to recover under the theory of *respondeat superior* and argues that the FAC lays out her claim for negligent, hiring, supervision and retention. (Opp. Br. p. 5.) However, in order to state a claim for negligent, hiring, supervision and retention Plaintiff would have had to present well plead factual assertions establishing, in addition to the standard elements of negligence, that "(1) the tort-feasor and the defendant were in an employee-employer relationship, (2) the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence, and (3) that the tort was committed on the employer's premises or with the employer's chattels." *Doe v. Uber Techs., Inc.*, 551 F. Supp. 3d 341, 361 (S.D.N.Y. 2021) *quoting Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (internal citations and quotation marks omitted); *Betts v. Sixty Lower E. Side, LLC*, No. 20 CIV. 4772 (NRB), 2023 WL 5352334, at *12 (S.D.N.Y. Aug. 21, 2023), *appeal withdrawn*, No. 23-1289, 2024 WL 1152438 (2d Cir. Jan. 22, 2024), and motion to certify appeal denied, No. 20 CIV. 4772 (NRB), 2024 WL 3104323 (S.D.N.Y. June 24, 2024) (same); *Robinson v. United States*, 332 F. Supp. 3d 516, 528 (E.D.N.Y. 2018) (same).

Even if the Court were to find Plaintiff's vague and unsupported allusions to various "incidents", unnamed witnesses and Plaintiff's conclusory allegations made upon "information and belief" sufficient to suggest that the remaining former members of Anti-Flag knew about

2

Defendant Geever's alleged proclivity to engage in illegal sexual relations with fans of Anti-Flag, *i.e.* the "knowledge" prong,[2] Plaintiff cannot overcome the facts that (i) there is no employee-employer relationship between Hardwork and Defendant Geever, and (ii) the alleged tort was not committed on Hardwork's premises or with its chattels. As such, Plaintiff's claim of negligent hiring and supervision fails on its face. *See, e.g., Ross v. Mitsui Fudosan, Inc.,* 2 F. Supp. 2d 522, 532–33 (S.D.N.Y. 1998) ("Conclusory allegations of negligent supervision are insufficient to overcome a motion to dismiss."); *Blouin v. Spitzer*, No. 01-CV-0925(HGM/GJD), 2001 WL 1708811, at *2 (N.D.N.Y. Nov. 8, 2001) (noting that a "complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)" *citing De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir.1996)).

### A. There Was No Employee to Employer Relationship Between Hardwork And Defendant Geever

"Broadly speaking, an employee is someone who works for another subject to substantial control, not only over the results produced but also over the means used to produce the results." *Castro-Quesada v Tuapanta*, 148 AD3d 978, 979 (2d Dep't 2017), *quoting Matter of O'Brien v Spitzer*, 7 NY3d 239, 242 (2006) (internal quotations omitted). A predominant factor of whether an employment relationship exists is the degree of the control exercised by the employer and the extent of the employer's power to order and control the employee's performance of work. *Castro-Quesada*, 148 AD3d at 979, *quoting Barak v Chen*, 87 AD3d 955, 957 (2d Dept 2011); *Griffin v*

---

[2]   As further set forth in Hardwork's opening brief in support of its Motion to Dismiss, this Court should *not* accept Plaintiff's unsupported allegations regarding the other band members' purported knowledge of Defendant Geever's alleged past actions. In fact, the absence of any *non-conclusory* allegation that Hardwork knew, or could have known, of the risk that Defendant Geever would engage in sexual violence is "fatal to Plaintiff's negligence claim and warrants dismissal." *Chen v. Cai*, No. 19-CV-05387 (PMH), 2022 WL 917575, at *6 (S.D.N.Y. Mar. 28, 2022) (collecting cases). Simply put, "[w]here a defendant's knowledge ... is an element of a tort claim, a bare assertion that a defendant 'knew or should have known' of that fact or circumstance is insufficient to state a claim." *Read v. Corning Inc.*, 371 F. Supp. 3d 87, 92 (W.D.N.Y. 2019).

3

*Sirva, Inc.*, 29 NY3d 174, 185-86 (2017). Factors used to determine if an employee / employer relationship exists include "'(1) the selection and engagement of the servant; (2) the payment of salary or wages; (3) the power of dismissal; and (4) the power of control of the servant's conduct.'" *Griffin*, 29 NY3d at 186, quoting *State Div. of Human Rights v GTE Corp.*, 109 AD2d 1082, 1083 (4th Dept 1985)).

In the FAC, Plaintiff states that Defendant Geever was the "President and owner of Defendant Hardwork" (FAC ¶¶ 19, 32), and the other former band-member of Anti-Flag were the Vice President, Secretary and Treasurer of Hardwork. (FAC ¶ 20). Plaintiff does not, and cannot, explain how Defendant Geever, the "President and owner" of Hardwork was its employee, or what degree of control, if any, Hardwork was able to impose on its alleged employee. The traditional employee-employer relationship required to support a claim of negligent hiring and supervision simply never existed between Hardwork and Defendant Geever.

Indeed, in her proposed amended SAC Plaintiff claims that "Bollinger, in his capacity as Hardwork's employee, agent, representative, and executive" allegedly witnessed Defendant Geever engaging in inappropriate behavior and "told Geever 'don't do this' [and] Geever rejected Bollinger's instructions" (Proposed SAC Dkt. No. 36-3 ¶ 59). Instead of supporting Plaintiff's argument that an employee-employer relationship existed between Defendant Geever and Hardwork, this allegation exemplifies the fact that Hardwork (and its executives) had no control over Defendant Geever and his actions. The necessary employee-employer link between Defendant Geever and Hardwork simply does not exist here.

    **B.**     <u>**Binding Precedent Limits Negligent Retention Claims To Acts Occurring on the Employer's Property or With Its Chattels**</u>

Even if the Court were to find that Defendant Geever and Hardwork were in an employee-employer relationship (which it should not), Plaintiff's negligent retention, hiring and supervision

4

claim also fails because the alleged attack on Plaintiff did not occur on Hardwork's property or with its chattels. New York federal courts have held since at least 2004 that "[t]o state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show ... that the tort was committed on the employer's premises or with the employer's chattels." *Ehrens*, 385 F.3d at 235 *29 (*citing D'Amico v. Christie*, 71 N.Y.2d 76, 88 (1987) ("*D'Amico*")). *Ehrens* is explicitly clear on the required elements for a claim for negligent hiring, retention, or supervision under New York law. And courts have consistently applied these elements to such claims in state and federal cases -- *Ehrens* has been cited over 250 times by both federal and state courts following the elements as laid out in *Ehrens. See, e.g., Rich v. Fox News Network, LLC*, 939 F.3d 112, 129 (2d Cir. 2019) (Under New York law, in addition to the negligence elements of such a claim, a plaintiff must show that the tort was committed on the employer's premises or with the employer's chattels); *Doe ex rel. Doe v. Fed. Express Corp.*, 345 F. App'x 670, 671 (2d Cir. 2009) (affirming dismissal of a negligent supervision claim where the chattels allegedly used were "a FedEx Kinko's uniform" and "the [office] telephone" because those chattels were not directly used to commit the sexual abuse); *Doe v. Indyke*, 465 F. Supp. 3d 452, 457, 469 (S.D.N.Y. 2020) (dismissing a negligent supervision and retention claim where defendant's employee "allegedly[] frequently utilized corporate finances in furtherance of his sexually explicit behavior" because plaintiff's "allegations with respect to the use of [defendant employer's] property or chattels are conclusory"); *Haybeck v. Prodigy Servs. Co.*, 944 F. Supp. 326, 328, 332 (S.D.N.Y. 1996) (dismissing a negligent supervision and retention claim where an employer-owned online chatroom was allegedly used to contact the plaintiff and to lure her to the site of sexual misconduct because "the conduct complained of ... unquestionably took place outside the employer's premises and without the employer's chattels"); *Letren v. Big Fish Entm't LLC*,

2021 NY Slip Op 31688(U), at *3 (Sup. Ct. May 21, 2021) (finding premises and chattels element "well settled").[3]

Ignoring federal precedent, Plaintiff relies on trial court decisions that are easily distinguishable. For example, in *R.M. v. Rockefeller Univ.* the court did find that there was a sufficient nexus at the pleading stage between a doctor who sexually abused a minor off his employer's premises and on co-defendant's site, but focused on the fact that the employer had approved and sanctioned the doctor's work with co-defendant, used co-defendant as a referral source, co-defendant required children to undergo physical evaluations with a doctor and co-defendant selected the defendant doctor for that very purpose. 2023 NY Slip Op 30192(U) (Sup. Ct. January 11, 2023. In *Johansmeyer v. New York City Dep't of Educ.* the court relied on the fact that "although the sexual abuse ultimately occurred in the infant plaintiff's home, it was preceded by time periods when the infant plaintiff was alone with [the school employee] during school hours on a regular basis [and] during these times, [the employee] engaged in inappropriate behavior, including physical touching." 165 A.D.3d 634, 636 (2d Dep't 2018). Similarly, in *Doe v. Congregation of the Mission of St. Vincent De Paul in Germantown*, the court actually agrees that a negligent supervision claim requires "that the tort occurred on the employer's premises or with the employer's chattels" and cites to *Ehrens*. No. 7118542015, 2016 WL 6299392, at *4 (N.Y. Sup. Ct. Sep. 21, 2016).

Plaintiff's heavy reliance on the *Sokola v. Weinstein*[4] state court case is also somewhat misplaced given that Plaintiff wholly ignores another Harvey Weinstein case, this one in the

---

[3] *See also, Doe v. Montefiore Med. Ctr.*, 598 F. App'x 42, 43 (2d Cir. 2015); *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 94 (2d Cir. 2011); *Doe v. Alsaud*, 12 F. Supp 3d 674, 682 (S.D.N.Y. 2014).

[4] The holding in the *Sokola v. Weinstein* state court case eradicates nearly 40 years of binding state precedent, requiring that, to state a claim for negligent hiring, retention, or supervision against a third-party

6

Southern District of New York where the court granted a motion to dismiss because plaintiff did not show that Weinstein's sexual assault of her was committed on the employer's premises or with the employer's chattels. *David v. Weinstein Co. LLC,* 18-cv-5414 (RA) (S.D.N.Y. Apr. 24, 2019) ("First, both incidents in which Plaintiff alleged that Weinstein assaulted her took place in the Montage Hotel, a property which she does not allege was owned by any of the Director Defendants. Second, there is no indication in the second amended complaint that Weinstein used any of the Director Defendants' personal possessions to carry out his assault of her", further noting that "the vast weight of authority establishes a premises element to negligent supervision and retention claims" (citing *Doe*, 12 F. Supp. 3d at 674 and *Ehrens*, 385 F.3d at 236); *see also, Canosa v. Ziff*, 2019 U.S. Dist. LEXIS 13263, at *37 (S.D.N.Y. Jan. 28, 2019) (dismissing negligent supervision claim where plaintiff failed to plead assault "took place on [The Weinstein Companies'] premises or with their chattels). Plaintiff's reliance on *Waterbury v. N.Y.C. Ballet, Inc.* is similarly problematic. Critically, the plaintiff in *Waterbury* alleged that the defendant-employee of NYC Ballet shared the illicit images of her "during work hours <u>and on work premises</u>" with other school employees, including other male principal dancers who encouraged the defendant-employee to share the images from employee's work cell phone. 168 N.Y.S.3d 417, 420-21 (1st Dep't 2022) (emphasis added). Consistent with *D'Amico*,[5] the *Waterbury* court held that only because plaintiff alleged the tortfeasor-employee shared certain images "on [employer's premises], while present

---

employer, a plaintiff must plead that the "tort[] [was] committed by employees on the employer's premises or with the employer's chattels." *D'Amico v. Christie*, 71 N.Y.2d 76, 88 (1987).

5      Numerous New York Supreme Court cases have similarly cited or followed *D'Amico* for the premises and chattels requirement. *See, e.g.*, *Scipio v. Jimmy Jazz, Inc.*, 2018 WL 1363088, at *1, 3 (N.Y. Sup. Ct. Jan. 23, 2018) (sustaining negligent hiring, retention, or supervision where employee injured plaintiff at defendant-employer's store); *Letren v. Big Fish Ent. LLC*, 2021 WL 2028584 at *3-4 (N.Y. Sup. Ct. May 21, 2021) ("It is well settled that in order to state a claim for negligent supervision of an employee under New York law a plaintiff must show ... (3) that the tort was committed on the employe's premises or with the employer[']s chattels.").

7

as an employee, with other [employer's] employees," plaintiff had sufficiently stated a negligent hiring, retention, or supervision claim. *Id.* at 426. Accordingly, the fact that the *Waterbury* court found that plaintiff sufficiently pled a claim does not undermine, but rather supports, a finding that the Plaintiff here failed to (and cannot) sufficiently plead that the tortious alleged assault occurred on the employer's premises which is a requisite element to sustain a negligent hiring, retention, and supervision claim. *Waterbury*, 168 N.Y.S.3d at 424-26.[6]

Should this Court find that a premises or chattels component is no longer required as an independent element in a negligent retention claim, that element nevertheless remains necessarily embedded in the nexus element. *See, e.g., Waterbury*, 168 N.Y.S.3d at 426 (plaintiff adequately pled nexus where plaintiff alleged tortfeasor-employee shared certain images "on [employer's premises], while present as an employee, with other [employer's] employees" using employer's property). Here, Plaintiff's bare bones allegations of meeting Defendant Geever at an Anti-Flag concert a week prior to her alleged assault coupled with her conclusory "but for" allegations that Hardwork "allowed Geever to lead Anti-Flag [and] thereby enable[ed] his access to female fans" (FAC ¶ 98) comes nowhere near the required pleading standard to establish a nexus.

## II.     PLAINTIFF HAS FAILED TO STATE A CLAIM FOR COMMON LAW NEGLIGENCE OR NIED

Due to page limitations, Hardwork relies on the arguments presented in its Motion to Dismiss as to Plaintiff's failure to state a claim for common law negligence or NIED. However, Hardwork notes that in her Opposition Plaintiff now claims that Hardwork had a duty to her as the "possessor and controller of the motel room" where the alleged assault occurred and accordingly Hardwork had an "independent obligation to ensure that the premises it controlled on October 1,

---

[6] Notably, Plaintiff also fails to explain how the risk of Defendant Geever's alleged sexual crimes (which arose from his character) would not have existed if he were not "employed" by Hardwork.

2010 were safe and free from foreseeable haram [sic] such as Geever's sexual misconduct." (Opp. Br. p. 13-14.) The FAC contains no allegations that Hardwork possessed or controlled the motel room where Plaintiff was allegedly assaulted (it did not) – such assertions are beyond the pale.

### III. HARDWORK'S MOTION TO DISMISS IS NOT MOOTED BY PLAINTIFF'S FILING OF A MOTION REQUESTING LEAVE TO AMEND HER FIRST AMENDED COMPLAINT

As an initial matter, Plaintiff's filing of a cross-motion seeking leave to amend the FAC does not make the proposed SAC the operative pleading[7] - - Plaintiff's statement that "Plaintiff's cross-motion for leave to amend must be granted" (Opp. Br. p. 5) is simply incorrect and impermissibly overrules this Court's decision-making authority. Second, even if the Court were to accept Plaintiff's proposed SAC (which it should not), doing so would not preclude the Court from considering Hardwork's pending Motion to Dismiss. Generally speaking, an amended pleading supersedes the original, however, this rule does not dictate that a pending motion to dismiss is automatically rendered moot when a complaint is amended. "District courts in this Circuit have repeatedly explained that, when faced with an amended complaint, they may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols.*, 955 F.3d 299, 303 (2d Cir. 2020) *citing Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016) ("Where a plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" (quoting *Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 273–74 (N.D.N.Y. 2012));

---

[7] Plaintiff did not move to amend her complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). The FAC is the operative complaint until this Court determines whether or not Plaintiff is permitted to amend her complaint for the second time.

9

*Riverkeeper, Inc. v. Hudson Wholesalers Rest. Equip.*, No. 122CV00564BKSCFH, 2023 WL 6122850, at *3 (N.D.N.Y. Sept. 19, 2023) (considering pending motion to dismiss as applied to the latter pleading and noting that "[i]f the claims in the Proposed First Amended Complaint cannot survive the motion to dismiss, then Plaintiff's motion to amend will be denied as futile").

Finally, as more fully set forth in Hardwork's Opposition To Plaintiff's Motion For Leave To Amend The First Amended Complaint (Dkt. No. 37) the amendments Plaintiff proposes are futile. Plaintiff's proposed amendments as described, fail either to cure the facial deficiencies of the FAC or to allege any new, plausible, or cognizable claims against Hardwork. Indeed, the majority of Plaintiff's proposed amendments seek to create a duty where none exists by baselessly stating over and over "upon information and belief" that Defendant Geever's actions were "approved, sponsored, sanctioned, ratified, funded and/or supported by Hardwork and/or its employees, agents and representatives". However, "a plaintiff's obligation to provide the 'grounds' of [his or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted).

## CONCLUSION

For the reasons set forth above and, in its Motion to Dismiss, Defendant Hardwork Distribution, Inc. respectfully requests that the claims against it as set forth in Plaintiff's FAC be dismissed with prejudice.

Dated: New York, New York
      July 19, 2024

                                      **BUCHANAN INGERSOLL & ROONEY PC**

                                      By:   /s/ Stuart P. Slotnick
                                                 Stuart P. Slotnick, Esq.
                                                 640 Fifth Avenue, 9th Floor
                                                 New York, New York 10019
                                                 T: (212) 440-4400

F: (212) 440-4401
E: stuart.slotnick@bipc.com

Case 1:24-cv-00031-BKS-CFH    Document 39    Filed 07/19/24    Page 16 of 16